Nathaniel Clark, Esq. (SBN 276621)
LAW OFFICES OF SCOTT WARMUTH
17700 Castleton Street, Suite # 168
City of Industry, California 91748
Telephone: (626) 282-6868
Facsimile:  (626) 642-0808
nclark@law888.com

ATTORNEYS FOR PLAINTIFF MEI MA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEI MA, an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br>s<br>CONVERGENT OUTSOURCING, INC., a Washington corporation; and DOES 1-10,<br><br>　　　　　Defendants. | CASE NO. 2:16-cv-4558<br><br>COMPLAINT FOR<br><br>(1) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b), *ET SEQ.*;<br><br>(2) FAILURE TO IDENTIFY CALLING PARTY, 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(b)(1);<br><br>(3) DO NOT CALL LIST VIOLATIONS, 47 U.S.C. § 227(c)(5); 47 C.F.R. §64.1200(c)(2);<br><br>(4) ROSENTHAL ACT, CAL. CIV. § 1788, *ET SEQ.* |

Plaintiff Mei Ma ("Plaintiff") alleges the following upon information and belief and personal knowledge:

## NATURE OF THE CASE

1. Plaintiff seeks damages and any other available legal or equitable remedies resulting from the illegal actions of Convergent Outsourcing, Inc. ("Convergent"), and other defendants presently unknown, ("Defendants") in negligently, knowingly, willfully, and/or intentionally causing an automatic dialer to dial Plaintiff's cellular phone line in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby violating Plaintiff's federal statutory rights, and invading her right to privacy, without her prior express consent.

2. Defendants' actions are related as each and every Defendant is attempting to collect debts from Plaintiff that are not owed by Plaintiff. On information and belief, all Defendants appear to be trying to contact the same individual for whom Plaintiff has been mistaken.

3. On information and belief, all Defendants conspired and obtained Plaintiff's number from the same source and their actions are thus within a single nexus of collection efforts of which Plaintiff is the victim.

4. Moreover, all Defendants contacted Plaintiff at the same cellular phone number ending in digits *3473, and continued to call Plaintiff despite the identification of Plaintiff's name in her voice message answering playback. Thus, all Defendants knew or should have known they were not contacting the right consumer.

5. Congress enacted the TCPA in 1991 to "protect the privacy interests" of consumers in response to the "increasing number of

consumer complaints" regarding "telemarketing calls and communications" made to both residential and wireless phones.[1]

6. The TCPA defines an automated telephone dialing system ("ATDS") as "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers". (47 U.S.C. § 227(a)(1).)

7. The Federal Communications Commission ("FCC"), which Congress vested with authority to prescribe regulations implementing the TCPA's requirements, has interpreted an ATDS as "cover[ing] any equipment that has the specified capacity to generate numbers and dial them without human intervention, regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." *In re the Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 FCC Rcd. 14014, 14017 (2003).

8. The FCC ruled that the TCPA's use of the term "capacity" in the definition of "automatic telephone dialing system" does not exempt equipment that lacks the "present ability" to dial randomly or sequentially. *Id.* ¶ 15. "In other words, the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." *Id.* ¶ 16. *Fontes v. Time Warner Cable Inc.*, No. CV14-2060-CAS(CWX), 2015 WL 9272790, at *2 (C.D. Cal. Dec. 17, 2015). Consequently, "[c]allers cannot avoid obtaining consumer consent for a robocall simply because they are not "currently" or "presently" dialing random or sequential phone numbers". *July 10, 2015 FCC Declaratory Ruling and Order* at ¶ 2.

---

[1] Senate Report No. 102-178, October 8, 1991, 1991 U.S.C.C.A.N. 1968; *Id*. at 1969; *see, also* PL 102-243, December 20, 1991, 105 Stat 2394.

9. The TCPA specifically prohibits the use of an ATDS to contact consumers on their cellular phones without the prior express consent of the called party. (47 U.S.C. § 227(b)(1)(A)(iii).)

10. "Prior express consent" may be revoked "using any reasonable method including orally or in writing." *See, In re the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Declaratory Ruling and Order, FCC 15–72 (CG Dkt. No. 02–278, WC Dkt. No. 07–135) at ¶ 64 (July 10, 2015).

11. The TCPA also specifically prohibits the use of pre-recorded voice messages in telephone calls to cellular phones without the called party's express prior consent. (*Ibid.*)

12. The TCPA further prohibits a company from using automatic dialing machines and/or pre-recorded voice messages without employing rules, training and procedures to document and avoid calls to the wrong party and provide appropriate consumer opt-out methods to prevent future calls. (47 C.F.R. § 64.1200(c)(2).)

13. The TCPA further prohibits a company from using pre-recorded voice messages to contact consumers without fully identifying the company's name as registered with the company's Secretary of State in the State where the company is incorporated. (47 C.F.R. § 64.1200(b)(1).)

14. Plaintiff never consented, either implicitly or explicitly, to be contacted by Defendants through the use of an automatic dialer and/or pre-recorded voice message.

15. Defendants knowingly and willfully caused an ATDS to repeatedly dial Plaintiff's cellular phone to contact Plaintiff in violation of the TCPA within the past four years prior to the filing of this Complaint.

16. At all times, Plaintiff's number was registered with the National Do Not Call (DNC) list.

17. Defendants invaded Plaintiff's privacy by repeatedly calling Plaintiff without prior express consent.

18. Defendants called Plaintiff while Plaintiff was working, which wasted Plaintiff's time and caused annoyance, stress, and distraction.

19. Defendants failed to properly identify themselves when calling Plaintiff.

20. Defendants caused harm to Plaintiff by causing emotional distress from the fear of being sued or otherwise harassed by the constant collection calls.

21. Defendants failed to provide any reasonable method of "opting out" or instructing Defendant to no longer call Plaintiff.

22. Defendant Convergent called Plaintiff using the number 855-871-0188 at including but not limited to the following dates:

| | |
|---|---|
| 9/11/2015 | 1:38 pm |
| 9/18/2015 | 12:47 pm |
| 10/2/2015 | 3:13 pm |
| 10/12/2015 | 3:48 pm |
| 10/14/2015 | 1:36 pm |
| 10/30/2015 | 2:45 pm |

23. Defendant Convergent called Plaintiff using the number 714-352-0875 at including but not limited to the following dates:

| | |
|---|---|
| 9/18/2015 | 12:15pm |
| 9/18/2015 | 2:10pm |
| 9/21/2015 | 12:47pm |
| 9/21/2015 | 2:07pm |
| 10/6/2015 | 2:06pm |

1
2
3
4

        10/12/2015   2:29pm
        10/15/2015   2:12pm
        10/30/2015   8:25am
        11/2/2015    8:54am

24. Defendant Convergent called Plaintiff using the number 714-352-0894 at including but not limited to the following dates:

        9/3/2015     9:00am
        9/3/2015     9:36am
        9/9/2015     2:05pm
        9/21/2015   1:18pm
        9/24/2015   9:29am
        10/30/2015  8:04am
        10/9/2015    8:43am
        10/9/2015    1:08pm
        10/9/2015    4:40pm
        10/15/2015  3:14pm
        10/21/2015  8:15am
        10/21/2015  1:06pm
        10/27/2015  8:54am
        10/27/2015  11:46am
        11/2/2015    2:14pm

25. Defendant Convergent called Plaintiff using the number 714-352-0915 at including but not limited to the following dates:

        9/2/2015     2:21pm
        9/8/2015     10:47am
        9/17/2015   11:02am
        9/17/2015   11:45am
        9/29/2015   12:02pm
        9/29/2015   12:02pm
        10/5/2015    2:57pm
        10/20/2015  12:21pm
        10/23/2015  2:08pm

26. Defendant Convergent called Plaintiff using the number 714-352-0919 at including but not limited to the following dates:

| | |
|---|---|
| 9/2/2015 | 8:53am |
| 9/2/2015 | 9:22am |
| 9/8/2015 | 2:44pm |
| 9/14/2015 | 9:31am |
| 9/14/2015 | 12:01pm |
| 10/2/2015 | 9:51am |
| 10/8/2015 | 1:55pm |
| 10/26/2015 | 9:21am |
| 10/26/2015 | 9:49am |
| 10/29/2015 | 12:59pm |

27. Defendant Convergent called Plaintiff using the number 714-352-0926 at including but not limited to the following dates:

| | |
|---|---|
| 9/4/2015 | 10:55am |
| 9/4/2015 | 11:53am |
| 9/10/2015 | 10:02am |
| 9/10/2015 | 11:36am |
| 9/22/2015 | 9:32am |
| 9/28/2015 | 2:06pm |
| 10/1/2015 | 2:58pm |
| 10/7/2015 | 12:39pm |
| 10/13/2015 | 10:43am |
| 10/19/2015 | 8:24am |
| 10/19/2015 | 10:55am |

28. Defendant Convergent called Plaintiff using the number 714-352-0954 at including but not limited to the following dates:

| | |
|---|---|
| 9/16/2015 | 12:04pm |
| 9/16/2015 | 12:48pm |
| 9/25/2015 | 8:55am |
| 9/25/2015 | 10:43am |
| 9/28/2015 | 9:06am |
| 10/1/2015 | 12:52pm |

| | |
|---|---|
| 10/7/2015 | 10:28am |
| 10/13/2015 | 2:29pm |
| 10/16/2015 | 8:49am |
| 10/16/2015 | 10:09am |
| 10/22/2015 | 12:51pm |
| 10/28/2015 | 8:42am |
| 10/28/2015 | 9:11am |
| 11/3/2015 | 1:45pm |
| 11/3/2015 | 6:11pm |

29. Defendant Convergent also called Plaintiff using number 323-331-9698 on June 22, 2016 at 12:46 pm.

30. Plaintiff believes Convergent has called Plaintiff using other numbers and at other times and dates to be determined via discovery.

31. All calls made by Defendants were made through the use of an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) and in violation of 47 U.S.C. § 227(b)(1)(A).

32. Each call constitutes at least two separate and distinct violations of the TCPA because Plaintiff was registered on the DNC list. (47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).)

33. Each call constituted an additional (third) separate and distinct violation of the TCPA because Defendants failed to identify their name as it is registered with the Secretary of State. (47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(b)(1).)

34. Defendants knowingly and willfully committed each and every violation of the TCPA.

35. Plaintiff is entitled to statutory damages for Defendants' willful and negligent violations of each provision of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. § 64.1200 *et seq.*, including each of its prohibitions of specific telemarketing practices and specific requirements for the use

of autodialers and pre-recorded voice messages in the amount of $500 to $1500 per violation.

36. Plaintiff is entitled to actual damages for the invasion of privacy, intrusion of daily affairs, and undue annoyance caused by Defendants' harassing robocalls.

37. Plaintiff is entitled to damages for <u>each and every violation</u>, regardless of whether Defendants committed multiple violations within a single phone call.

## JURISDICTION

38. This Court has federal question jurisdiction because this case arises out of Defendants' violations of the TCPA upon Plaintiff

39. Venue is proper because Plaintiff, at the time of the violations, resided and was present in this judicial district, in which Defendants also currently conduct business and have availed themselves to jurisdiction by knowingly and/or willfully violating the TCPA within this judicial district by contacting Plaintiff on a cellular phone.

## PARTIES

40. Plaintiff is a natural person who resided in Los Angeles County in the State of California at the time of the violations.

41. Defendant Convergent Outsourcing, Inc. ("Convergent"), is a Washington corporation, doing business as "Convergent", that has availed itself to the jurisdiction of California and this Court by virtue of transmitting telephone calls that violate the TCPA to Plaintiff's cellular phone while Plaintiff resided in Los Angeles County.

42. Unknown defendants authorized/ratified each and every action and omission of Defendants, and each of them. All Defendants

shared Plaintiff's contact information with each other or obtained Plaintiff's contact information from the same source.

43. All Defendants conduct business in California through the Internet and telephone solicitation, and knowingly violated the TCPA within Los Angeles County.

44. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1-10, who are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.

45. All of the above named Defendants, and their subsidiaries, agents, officers, directors, and managing agents, are legally responsible for the allegations and damages alleged herein. Plaintiff will seek leave to amend the Complaint to reflect the true names and capacities of the DOE defendants when such identities become known.

## FIRST CAUSE OF ACTION
### *Use of Automatic Telephone Dialing System*
### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227, *ET SEQ.*; 47 C.F.R. § 64.1200, *ET SEQ.*

46. Plaintiff repeats and incorporates by reference into this cause of action each and every preceding and foregoing allegation set forth in this complaint.

47. The foregoing acts and omissions of Defendants constitute numerous and willful violations of the TCPA, including, but not limited to, each and every one of the provisions of 47 U.S.C. § 227, *et seq.,* cited herein.

48. The foregoing acts and omissions of Defendants violate 47 U.S.C. § 227(b), providing:

"Restrictions on use of automated telephone equipment

> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>>> . . .
>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;
>> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B);

43. Defendants further violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200., *et seq.* As a result of Defendants' violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages <u>for each and every violation</u>, pursuant to 47 U.S.C. § 227(b)(3), plus actual damages according to proof.

///
///
///
///
///
///
///

## SECOND CAUSE OF ACTION

*Failure to Identify Calling Party*

**Violation of the Telephone Consumer Protection Act**

**47 U.S.C. § 227, ET SEQ; 47 C.F.R. §64.1200(b)(1)**

44. Plaintiff repeats and incorporates by reference into this cause of action each and every preceding and foregoing allegation set forth in this complaint.

45. Defendants willfully fail to comply with the provisions of 47 C.F.R. §64.1200(b) requiring that "[a]t the beginning of the message", the calling party must "state clearly the identity of the business, individual, or other entity that is responsible for initiating the call", and "[i]f a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated". (47 C.F.R. §64.1200(b)(1).)

46. Defendants further violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200, *et seq*. As a result of Defendants' violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3), plus actual damages according to proof.

## THIRD CAUSE OF ACTION

*Do-Not-Call List Violation - 47 C.F.R. §64.1200(c)(2)*

**Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(c)(5), ET SEQ.**

47. Plaintiff repeats and incorporates by reference into this cause of action each and every preceding and foregoing allegation set forth in this complaint.

48. Defendants further willfully violated the TCPA by soliciting Plaintiff on her phone despite the fact that her number was at all times "registered . . . on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." (47 C.F.R. §64.1200(c)(2).) Defendants do not maintain a written policy for compliance and do not properly train their personnel, and are in violation of 47 C.F.R. §64.1200(c)(2)(i).

49. Defendants further violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200., *et seq*. As a result of Defendants' violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages <u>for each and every violation</u>, including multiple violations per call, pursuant to 47 U.S.C. § 227(c)(5), plus actual damages according to proof.

### FOURTH CAUSE OF ACTION
*Repeated Calls Such as to Violate the Rosenthal Act*
Cal. Civ. § 1788, *ET SEQ*.

50. This Fourth Cause of Action is alleged against Convergent only.

51. The Rosenthal Act was enacted to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." Cal. Civ. Code § 1788.1.

52. Convergent is a "debt collector" under California Civil Code § 1788.2(c).

53. Plaintiff is a consumer who is entitled to protection under the Rosenthal Act.

54. At all times, Convergent was engaging in "debt collection" under California Civil Code § 1788.30(b) and attempting to collect a "debt" under California Civil Code § 1788.30(d).

55. Convergent violated the Rosenthal Act by "causing a telephone to ring repeatedly or continuously to annoy the person called". Cal. Civ. Code § 1788.11(d).

56. Convergent further violated the Rosenthal Act by "communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances". Cal. Civ. Code § 1788.11(e).

57. Convergent is liable for Plaintiff's "actual damages". Cal. Civ. Code § 1788.30(a).

58. Convergent is liable for up to $1,000 per violation of the Rosenthal Act. Cal. Civ. Code § 1788.30(b).

59. Convergent is liable for Plaintiff's attorney's fees under California Civil Code § 1788.30(c).

## PRAYER FOR RELIEF

60. WHEREFORE, Plaintiff requests judgment against Defendants and for the following:

   I. As a result of Defendants' violations of 47 U.S.C. § 227(b), *et seq.*, and pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to and requests $500 in statutory damages <u>per violation</u>, or $1500 in statutory damages <u>per violations</u> that were at least willful or knowingly committed;

   II. As a result of Defendants' violations of the Do-Not-Call List, and pursuant to 47 U.S.C. § 227(c)(5) and 47 C.F.R. §64.1200(c)(2), Plaintiff is entitled to and requests $500 in statutory damages <u>per violation</u>, or $1500 in statutory damages <u>per violations</u> that were at least willful or knowingly committed;

|   |   |   |
|---|---|---|
| III. | As a result of Convergent's violations of the Rosenthal Act, Plaintiff is entitled to reasonable attorney's fees and up to $1,000 per violation. |
| IV. | For Defendants to be enjoined from engaging in further violations of 47 U.S.C. § 227, *et seq.*; |
| V. | For actual damages according to proof; |
| VI. | For costs; |
| VII. | And for any other relief that the Court deems just. |

June 23, 2016        **LAW OFFICES OF SCOTT WARMUTH, APC**

By    */s/Nathaniel Clark*
Nathaniel Clark, Esq.
ATTORNEYS FOR PLAINTIFF MEI MA