1  Craig J. Mariam  (SBN:  225280)
   cmariam@gordonrees.com
2  Allison J. Fernandez  (SBN:  272853)
   afernandez@gordonrees.com
3  GORDON & REES LLP
   633 West Fifth Street, 52nd Floor
4  Los Angeles, CA 90071
   Telephone:  (213) 576-5000
5  Facsimile:  (877 306-0043

6  Attorneys For Defendant
   Convergent Outsourcing, Inc.
7

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11 MEI MA, an individual,              )  CASE NO.  2:16-cv-4558
                                       )
12              Plaintiff,             )  *Honorable John A. Kronstadt*
                                       )
13   v.                                )  **DEFENDANT**
                                       )  **CONVERGENT**
14 CONVERGENT OUTSOURCING, INC., a     )  **OUTSOURCING, INC.'S**
   Washington corporation; and DOES 1-10, )  **ANSWER TO COMPLAINT**
15                                     )  **AND AFFIRMATIVE**
                Defendant.             )  **DEFENSES**
16                                     )
                                       )  **JURY TRIAL DEMANDED**
17                                     )
                                       )
18 ─────────────────────────────────

19        Defendant Convergent Outsourcing, Inc. ("Convergent") hereby responds to

20 plaintiff Mei Ma's Complaint as follows:

21                    **NATURE OF THE CASE**

22        1.    Responding to Paragraph 1, Convergent only admits that plaintiff

23 purports to allege violations of the Telephone Consumer Protection Act ("TCPA"),

24 47 U.S.C. § 227.  Convergent denies that plaintiff is entitled to any recovery, and

25 denies any remaining allegations.

26        2.    Responding to Paragraph 2, Paragraph 2 is vague, ambiguous, and

27 unintelligible given that only one defendant is named in plaintiff's Complaint.

28

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-1-

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

1   Accordingly, Convergent is unable to admit or deny the allegations set forth in

2   Paragraph 2 of the Complaint.

3       3.      Responding to Paragraph 3, Paragraph 3 is vague, ambiguous, and

4   unintelligible given that only one defendant is named in plaintiff's Complaint.

5   Accordingly, Convergent is unable to admit or deny the allegations set forth in

6   Paragraph 3 of the Complaint.

7       4.      Responding to Paragraph 4, Paragraph 4 is vague, ambiguous, and

8   unintelligible as to its reference to "all defendants," as only one defendant is

9   named in plaintiff's Complaint.  To the extent Paragraph 4 pertains to this

10  answering defendant, this answering defendant denies each and every allegation set

11  forth in Paragraph 4 of the Complaint.

12      5.      Responding to Paragraph 5, Convergent admits only that Congress

13  enacted the TCPA for the purpose of, among other things, proscribing abuses of

14  automated telephone technology.  Convergent denies any inference of liability

15  under the TCPA, and denies any remaining allegations set forth in Paragraph 5 of

16  the Complaint.

17      6.      Responding to Paragraph 6, Paragraph 6 merely purports to quote a

18  document, which speaks for itself.  To the extent a response is necessary,

19  Convergent admits the accuracy of the quoted language and denies any inference

20  of liability arising therefrom.

21      7.      Responding to Paragraph 7, Paragraph 7 merely purports to quote a

22  document, which speaks for itself.  To the extent a response is necessary,

23  Convergent admits the accuracy of the quoted language and denies any inference

24  of liability arising therefrom.

25      8.      Responding to Paragraph 8, Paragraph 8 merely purports to quote a

26  document, which speaks for itself.  To the extent a response is necessary,

27  Convergent admits the accuracy of the quoted language and denies any inference

28  of liability arising therefrom.

-2-

1    9.    Responding to Paragraph 9, Paragraph 9 merely purports to

2  summarize portions of the TCPA, and therefore sets forth no factual allegations

3  against Convergent.  To the extent a response is necessary, Convergent admits that

4  plaintiff has accurately summarized the referenced code section and denies any

5  inference of liability arising therefrom.

6    10.    Responding to Paragraph 10, Paragraph 10 merely purports to quote a

7  document, which speaks for itself.  To the extent a response is necessary,

8  Convergent admits the accuracy of the quoted language and denies any inference

9  of liability arising therefrom.

10    11.    Responding to Paragraph 11, Paragraph 11 merely purports to

11  summarize portions of the TCPA, and therefore sets forth no factual allegations

12  against Convergent.  To the extent a response is necessary, Convergent admits that

13  plaintiff has accurately summarized the referenced code section and denies any

14  inference of liability arising therefrom.

15    12.    Responding to Paragraph 12, Paragraph 12 merely purports to

16  summarize portions of the TCPA, and therefore sets forth no factual allegations

17  against Convergent.  To the extent a response is necessary, Convergent admits that

18  plaintiff has accurately summarized the referenced code section and denies any

19  inference of liability arising therefrom.

20    13.    Responding to Paragraph 13, Paragraph 13 merely purports to

21  summarize portions of the TCPA, and therefore sets forth no factual allegations

22  against Convergent.  To the extent a response is necessary, Convergent admits that

23  plaintiff has accurately summarized the referenced code section and denies any

24  inference of liability arising therefrom.

25    14.    Responding to Paragraph 14, Convergent denies each and every

26  allegation set forth in Paragraph 14 of the Complaint.

27    15.    Responding to Paragraph 15, Convergent denies each and every

28  allegation set forth in Paragraph 15 of the Complaint.

*Gordon & Rees LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA 90071*

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
CASE NO. 2:16-CV-4558

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1    16.    Responding to Paragraph 16, Convergent lacks knowledge or

2 information sufficient to respond to the allegations set forth in Paragraph 16 of the

3 Complaint, and on that basis denies same.

4    17.    Responding to Paragraph 17, Convergent denies each and every

5 allegation set forth in Paragraph 17 of the Complaint.

6    18.    Responding to Paragraph 18, Convergent denies each and every

7 allegation set forth in Paragraph 18 of the Complaint.

8    19.    Responding to Paragraph 19, Convergent denies each and every

9 allegation set forth in Paragraph 19 of the Complaint.

10    20.    Responding to Paragraph 20, Convergent denies each and every

11 allegation set forth in Paragraph 20 of the Complaint.

12    21.    Responding to Paragraph 21, Convergent denies each and every

13 allegation set forth in Paragraph 21 of the Complaint.

14    22.    Responding to Paragraph 22, Convergent lacks knowledge or

15 information sufficient to respond to the allegations set forth in Paragraph 22 of the

16 Complaint, and on that basis denies same.

17    23.    Responding to Paragraph 23, Convergent lacks knowledge or

18 information sufficient to respond to the allegations set forth in Paragraph 23 of the

19 Complaint, and on that basis denies same.

20    24.    Responding to Paragraph 24, Convergent lacks knowledge or

21 information sufficient to respond to the allegations set forth in Paragraph 24 of the

22 Complaint, and on that basis denies same.

23    25.    Responding to Paragraph 25, Convergent lacks knowledge or

24 information sufficient to respond to the allegations set forth in Paragraph 25 of the

25 Complaint, and on that basis denies same.

26    26.    Responding to Paragraph 26, Convergent lacks knowledge or

27 information sufficient to respond to the allegations set forth in Paragraph 26 of the

28 Complaint, and on that basis denies same.

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
CASE NO. 2:16-CV-4558

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

1    27.    Responding to Paragraph 27, Convergent lacks knowledge or

2  information sufficient to respond to the allegations set forth in Paragraph 27 of the

3  Complaint, and on that basis denies same.

4    28.    Responding to Paragraph 28, Convergent lacks knowledge or

5  information sufficient to respond to the allegations set forth in Paragraph 28 of the

6  Complaint, and on that basis denies same.

7    29.    Responding to Paragraph 29, Convergent lacks knowledge or

8  information sufficient to respond to the allegations set forth in Paragraph 29 of the

9  Complaint, and on that basis denies same.

10    30.    Responding to Paragraph 30, Convergent lacks knowledge or

11  information sufficient to respond to the allegations set forth in Paragraph 30 of the

12  Complaint, and on that basis denies same.

13    31.    Responding to Paragraph 31, Convergent admits the allegations set

14  forth in Paragraph 31 of the Complaint.

15    32.    Responding to Paragraph 32, Convergent denies each and every

16  allegation set forth in Paragraph 32 of the Complaint.

17    33.    Responding to Paragraph 33, Convergent denies each and every

18  allegation set forth in Paragraph 33 of the Complaint.

19    34.    Responding to Paragraph 34, Convergent denies each and every

20  allegation set forth in Paragraph 34 of the Complaint.

21    35.    Responding to Paragraph 35, Convergent denies each and every

22  allegation set forth in Paragraph 35 of the Complaint.

23    36.    Responding to Paragraph 36, Convergent denies each and every

24  allegation set forth in Paragraph 36 of the Complaint.

25    37.    Responding to Paragraph 37, Convergent denies each and every

26  allegation set forth in Paragraph 37 of the Complaint.

27  ///

28  ///

-5-

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURISDICTION

38.   Responding to Paragraph 38, Convergent admits the issue of subject matter jurisdiction.

39.   Responding to Paragraph 39, Convergent admits that venue in this district may be proper pursuant to 28 U.S.C. § 1391.  Alternatively, Convergent asserts that venue in the District of Connecticut is also proper pursuant to the Transfer Order issued on October 8, 2013 by the Judicial Panel on Multidistrict Litigation, establishing the MDL styled *In re Convergent Telephone Consumer Protection Act (TCPA) Litigation*, MDL No. 2478.

## PARTIES

40.   Responding to Paragraph 40, Convergent lacks knowledge or information sufficient to respond to the allegations set forth in Paragraph 40 of the Complaint, and on that basis denies same.

41.   Responding to Paragraph 41, Convergent admits that it is a corporation with its principal place of business located in Renton, Washington. Convergent further admits that it conducts business in the state of California and elsewhere in the nation.   Convergent denies each and every remaining allegation set forth in Paragraph 41 of the Complaint.

42.   Responding to Paragraph 42, Convergent lacks knowledge or information sufficient to respond to the allegations set forth in Paragraph 42 of the Complaint, and on that basis denies same.

43.   Responding to Paragraph 43, Paragraph 43 is vague, ambiguous, and unintelligible in light of the fact that only one defendant is named in plaintiff's Complaint.  To the extent a response is necessary, Convergent lacks knowledge or information sufficient to respond to the allegations set forth in Paragraph 43 of the Complaint, and on that basis denies same.

///

-6-

1   44.    Responding to Paragraph 44, Convergent lacks knowledge or

2   information sufficient to respond to the allegations set forth in Paragraph 44 of the

3   Complaint, and on that basis denies same.

4   45.    Responding to Paragraph 45, Convergent lacks knowledge or

5   information sufficient to respond to the allegations set forth in Paragraph 45 of the

6   Complaint, and on that basis denies same.

7   **FIRST CAUSE OF ACTION**

8   **Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.***

9   46.    Responding to Paragraph 46, Convergent incorporates by reference all

10   of the above paragraphs of this answer as though fully stated herein.

11   47.    Responding to Paragraph 47, Convergent denies each and every

12   allegation contained in Paragraph 47 of the Complaint.

13   48.    Responding to Paragraph 48, Convergent denies each and every

14   allegation contained in Paragraph 48 of the Complaint.

15   49.    Responding to Paragraph 49 (erroneously labeled as Paragraph "43"

16   in plaintiff's Complaint), Convergent denies each and every allegation contained in

17   Paragraph 49 of the Complaint.

18   **SECOND CAUSE OF ACTION**

19   **Failure to Identify Calling Party in Violation of the Telephone Consumer**

20   **Protection Act**

21   50.    Responding to Paragraph 50 (erroneously labeled as Paragraph "44"

22   in plaintiff's Complaint), Convergent incorporates by reference all of the above

23   paragraphs of this answer as though fully stated herein.

24   51.    Responding to Paragraph 51 (erroneously labeled as Paragraph "45"

25   in plaintiff's Complaint), Convergent denies each and every allegation contained in

26   Paragraph 51 of the Complaint.

27   ///

28   ///

-7-

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1   52.    Responding to Paragraph 52 (erroneously labeled as Paragraph "46"

2   in plaintiff's Complaint), Convergent denies each and every allegation contained in

3   Paragraph 52 of the Complaint.

4   ### THIRD CAUSE OF ACTION

5   ### Do-Not-Call List Violation

6   53.    Responding to Paragraph 53 (erroneously labeled as Paragraph "47"

7   in plaintiff's Complaint), Convergent incorporates by reference all of the above

8   paragraphs of this answer as though fully stated herein.

9   54.    Responding to Paragraph 54 (erroneously labeled as Paragraph "48"

10  in plaintiff's Complaint), Convergent denies each and every allegation contained in

11  Paragraph 54 of the Complaint.

12  55.    Responding to Paragraph 55 (erroneously labeled as Paragraph "49"

13  in plaintiff's Complaint), Convergent denies each and every allegation contained in

14  Paragraph 55 of the Complaint.

15  ### FOURTH CAUSE OF ACTION

16  ### Violation of the Rosenthal Act, Cal. Civ. Code § 1788.1 *et seq.*

17  56.    Responding to Paragraph 56 (erroneously labeled as Paragraph "50"

18  in plaintiff's Complaint), Convergent admits only that plaintiff purports to allege a

19  violation of the Rosenthal act.  Convergent denies that plaintiff is entitled to

20  recovery on behalf of herself or any other person and denies all remaining

21  allegations set forth in Paragraph 56 of the Complaint.

22  57.    Responding to Paragraph 57 (erroneously labeled as Paragraph "51"

23  in plaintiff's Complaint), Convergent admits only that the Rosenthal Act was

24  enacted for the purpose of, among other things, proscribing abusive debt collection

25  practices.  Convergent denies that plaintiff is entitled to recovery on behalf of

26  herself or any other person and denies all remaining allegations set forth in

27  Paragraph 57 of the Complaint.

28  ///

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

1   58.   Responding to Paragraph 58 (erroneously labeled as Paragraph "52"

2   in plaintiff's Complaint), Paragraph 58 merely purports to set forth a legal

3   conclusion to which no response is required.  Alternatively, to the extent a

4   response is necessary, Convergent admits that it is a corporation engaged in the

5   business of, among other things, consumer debt collection.  Convergent denies any

6   and all remaining allegations set forth in Paragraph 58 of the Complaint.

7   59.   Responding to Paragraph 59 (erroneously labeled as Paragraph "53"

8   in plaintiff's Complaint), Convergent lacks knowledge or information sufficient to

9   respond to the allegations set forth in Paragraph 59 of the Complaint, and on that

10   basis denies same.

11   60.   Responding to Paragraph 60, (erroneously labeled as Paragraph "54"

12   in plaintiff's Complaint), Paragraph 60 merely purports to set forth a legal

13   conclusion to which no response is required.  Alternatively, to the extent a

14   response is necessary, Convergent admits that it is a corporation engaged in the

15   business of, among other things, consumer debt collection.  Convergent denies any

16   and all remaining allegations set forth in Paragraph 58 of the Complaint.

17   61.   Responding to Paragraph 61 (erroneously labeled as Paragraph "55"

18   in plaintiff's Complaint), Convergent denies each and every allegation contained in

19   Paragraph 61 of the Complaint.

20   62.   Responding to Paragraph 62 (erroneously labeled as Paragraph "56"

21   in plaintiff's Complaint), Convergent denies each and every allegation contained in

22   Paragraph 56 of the Complaint.

23   63.   Responding to Paragraph 63 (erroneously labeled as Paragraph "57"

24   in plaintiff's Complaint), Convergent denies each and every allegation contained in

25   Paragraph 63 of the Complaint.

26   64.   Responding to Paragraph 64 (erroneously labeled as Paragraph "58"

27   in plaintiff's Complaint), Convergent denies that plaintiff is entitled to recovery

28   under the Rosenthal Act.

-9-

65.     Responding to Paragraph 65 (erroneously labeled as Paragraph "59" in plaintiff's Complaint), Convergent denies that plaintiff is entitled to recovery of attorneys' fees.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure ("FRCP"), Convergent sets forth the following matters constituting an avoidance or affirmative defense:

## FIRST AFFIRMATIVE DEFENSE

The alleged misconduct was the result of a *bona fide* error under California Civil Code § 1788.30(e).

## SECOND AFFIRMATIVE DEFENSE

The alleged misconduct has been cured under California Civil Code § 1788.30(d).

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

The alleged claims, and each of them, are uncertain, ambiguous and/or unintelligible.

## SIXTH AFFIRMATIVE DEFENSE

The claims, and each of them, are barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has unreasonably delayed in bringing this action to the prejudice of this answering defendant and is therefore barred from bringing this action by the doctrine of laches.

///

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

-10-

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1   **EIGHTH AFFIRMATIVE DEFENSE**

2        Plaintiff assisted, consulted, directed, ordered, approved and/or ratified each

3   defendant's conduct, and is therefore estopped from claiming any damages, if any,

4   there were.

5   **NINTH AFFIRMATIVE DEFENSE**

6        Plaintiff lacks standing or capacity to bring or maintain this action or obtain

7   the relief sought.

8   **TENTH AFFIRMATIVE DEFENSE**

9        Plaintiff has failed to name all necessary and indispensable parties to this

10  action.

11  **ELEVENTH AFFIRMATIVE DEFENSE**

12       The claims are barred due to privilege, absolute or qualified, including, but

13  not limited to, the litigation privilege and/or common interest privilege.

14  **TWELFTH AFFIRMATIVE DEFENSE**

15       The facts and circumstances underlying plaintiff's state law claims are

16  preempted in whole or in part by federal law.

17  **THIRTEENTH AFFIRMATIVE DEFENSE**

18       No act or omission of this answering defendant was a substantial factor in

19  bringing about the damages alleged, nor was any act or omission of this answering

20  defendant a contributing cause thereof.  Any alleged acts or omissions of this

21  answering defendant were superseded by the acts or omissions of others, including

22  plaintiff or other third parties named or not named as in the complaint, which were

23  the independent, intervening and proximate cause of the damage or loss allegedly

24  sustained by plaintiff.

25  **FOURTEENTH AFFIRMATIVE DEFENSE**

26       The complaint and each cause of action contained therein are barred because

27  plaintiff had a duty to take reasonable steps to mitigate and/or avoid his alleged

28  damages.  Defendant, on information and belief, alleges that plaintiff failed to take

-11-

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

1  any steps or delayed unreasonably in doing so.  Had plaintiff timely and diligently

2  taken reasonable steps to mitigate and/or avoid his alleged damages, such alleged

3  damages, if any, would have been reduced or avoided altogether.

4  **FIFTEENTH AFFIRMATIVE DEFENSE**

5  Defendant alleges that, as to each cause of action, although defendant denies

6  that it committed or is responsible for any act or omission that could support the

7  recovery of punitive damages in this action, if and to the extent any such act or

8  omission is found, recovery of such punitive damages against defendant is

9  unconstitutional under the United States Constitution and the California

10  Constitution, including: the Excessive Fines Clause of the Eighth Amendment, the

11  Due Process Clause of the Fifth Amendment and Section One of the Fourteenth

12  Amendment and other provisions of the United States Constitution; and, the

13  Excessive Fines Clause of Section 17 of Article 1, the Due Process Clause of

14  Section 7 of Article 1, and other provisions of the California Constitution.

15  **SIXTEENTH AFFIRMATIVE DEFENSE**

16  Defendant engaged in good faith reliance on an advisory opinion of the

17  Consumer Financial Protection Bureau.

18  **SEVENTEENTH AFFIRMATIVE DEFENSE**

19  The complaint and each cause of action contained therein are barred because

20  plaintiff provided prior express consent, through an established business

21  relationship or otherwise, that he or she be called on her cell phone number.

22  **EIGHTEENTH AFFIRMATIVE DEFENSE**

23  The complaint and each cause of action contained therein may be barred as

24  to any alleged cell phone calls received by plaintiff where the calls were not

25  charged to her (e.g., unlimited cell phone plans).  *See, e.g.*, 47 U.S.C.

26  §227(b)(2)(C).

27  ///

28  ///

-12-

**NINETEENTH AFFIRMATIVE DEFENSE**

All or part of the relief sought by the plaintiff may be barred by illegality, fraud, prior material breach, and/or breach of the duty of good faith and fair dealing arising out of, but not limited to, plaintiff's fraudulent conduct and the providing of false information during negotiations and contracting for the underlying debt that is subject of the complaint in this action.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA.  47 U.S.C. § 227(C)(5).

**PRAYER FOR RELIEF**

WHEREFORE, defendant prays for judgment against plaintiff as follows:

1.     That plaintiff takes nothing by virtue of her complaint.

2.     That plaintiff's complaint be dismissed with prejudice.

3.     For costs and disbursements incurred herein, including attorney's fees.

4.     For such other relief as the Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

Defendant demands a jury trial on all issues so triable.

Respectfully submitted,

Dated:  July 21, 2016                              GORDON & REES LLP


By:   /s/Allison J. Fernandez
Craig J. Mariam
Allison J. Fernandez
Attorneys for Convergent
Outsourcing, Inc.

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

1121835/28850768v.1

-13-