Nathaniel Clark, Esq. (SBN 276621)
LAW OFFICES OF SCOTT WARMUTH, APC
17700 Castleton Street, Suite # 168
City of Industry, California 91748
Telephone: (626) 363-2150
Facsimile:  (626) 642-0808
nclark@law888.com
ATTORNEYS FOR PLAINTIFF MEI MA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEI MA, an individual,<br><br>              Plaintiff,<br><br>      vs.<br><br>CONVERGENT OUTSOURCING, INC., a Washington corporation; and DOES 1-10,<br><br>              Defendants. | CASE NO. 2:16-cv-4558-JAK-AGR<br><br>DISCOVERY MATTER<br><br>The Honorable Alicia G. Rosenberg<br><br>**PLAINTIFF MEI MA'S OPPOSITION TO DEFENDANT CONVERGENT OUTSOURCING, INC.'S MOTION FOR PROTECTIVE ORDER**<br><br>Date:          May 23, 2017<br>Time:          10:00 a.m.<br>Courtroom:   B, 8th Floor |

### MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Convergent neither mentioned the need for a protective order in the Rule 16 Joint Report nor discussed the necessity for one in the scheduling conference.  Instead, Convergent raised the issue for the first time in its responses to Plaintiff Ma's Requests for Production of Documents by refusing to produce ***any*** documents without the entry of a protective order. However, Convergent did not move for a protective order until after Ma was forced to begin the meet and confer process for her motion to compel production of documents, presently scheduled for May 2, 2017.

At the January 30, 2017, scheduling conference, the Court set a short case timeline with a discovery cut-off of June 26, 2017.  Knowing that the parties must act promptly in conducting discovery, Ma served her written discovery on January 9, 2017, in advance of the scheduling conference. The fact that almost three months later Convergent has not produced a ***single*** document shows an unnecessary delay and belies Convergent's claim it is not seeking a blanket protective order that applies to every document it intends to produce. Now, Convergent has moved for a protective order to mitigate the appearance of its delay while simultaneously continuing to withhold many documents for which a protective order is not even arguably necessary.

Ma requests that the Court deny Convergent's request for a protective order because Convergent has failed to make a particularized showing of specific harm demonstrating why a protective order is necessary. *Beckman Indus., Inc. v. International Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992); *see also San Jose Mercury News, Inc.*, 187 F.3d at 1102 (9th Cir. 1999); *Phillips v. GMC* (9th Cir. 2002) 307 F.3d 1206, 1210-1211. However, if the Court grants Convergent's

motion, the order should be limited only to categories of documents where a particularized showing of specific prejudice is made.

## II     FACTUAL AND PROCEDURAL BACKGROUND

Convergent, a debt collector, violated Ma's rights under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA") by calling her over 74 times with an autodialer for a debt she did not owe. Because Ma's rights were repeatedly violated, she filed the instant TCPA claim against Convergent.  Ma further alleges violations of the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. § 1788, *et seq.*, because Convergent's repeated and harassing calls constitutes illegal collection activity.

Ma served her Request For Production of Documents, Set One, on January 9, 2017.  *See,* Ex A, p 5-6, *Convergent's Motion for Protective Order* (Plaintiff's RFPD, Set One.) On January 18, 2017, Convergent claimed to have never received the discovery and Ms. Ma agreed to deem the discovery served on January 18, 2017. *Decl. Nathaniel Clark.* ¶ 5. On February 15, 2017, Convergent served its discovery responses but did not produce any documents. *Id.* ¶ 6. On March 10, 2017, Convergent indicated that it would serve its documents along with the initial disclosures. *Id.* ¶ 7. However, by March 15, 2017, when no documents were received, Ms. Ma followed up with Convergent once again about document production, and Convergent confirmed it would not be producing ***any*** documents without a protective order (and to date has not produced a single document). *Id.* ¶ 8-10.

Ms. Ma sent a meet and confer letter on the issue on March 16, 2017, which is attached as Exhibit A to the Declaration of Nathaniel Clark. *Id.* ¶ 1. The electronic correspondence between the parties is attached as Exhibit B to the Declaration of Nathaniel Clark. *Id.* ¶ 2.

## III.   ARGUMENT

### A. Convergent Must Demonstrate Specific Harm

Convergent bears the burden of demonstrating good cause for the issuance of a Rule 26(c) protective order. *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1130 (9th Cir. Or. 2003). Good cause requires a particularized showing of specific harm. *Beckman Indus., Inc. v. International Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992); *see also San Jose Mercury News, Inc.*, 187 F.3d at 1102 (9th Cir. 1999); *Phillips v. GMC* (9th Cir. 2002) 307 F.3d 1206, 1210-1211. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman*, 966 F.2d at 476 *quoting Cipollone v. Liggett Group, Inc*., 785 F.2d 1108, 1121 (3d Cir. 1986).

### B. Convergent's Requested Protective Order Outrageously Violates the Attorney Work Product Privilege and Imposes Unacceptable Restrictions on the Use of Expert Witnesses

Convergent's proposed protective order is designed to severely restrict and limit Plaintiff's procedural rights. *See, Declaration Allison Fernandez* – Ex E (proposed protective order).  One of the most outrageous restrictions is contained in paragraph 7.2, which would allow Convergent to directly infringe on Ma's attorney work product privileges.  In fact, paragraph 7.2 would restrict how Ma is permitted to share information ***with her own expert witnesses***. *Id*. ¶ 7.2.

First, the provision prevents disclosure of "confidential" information to experts without compliance with paragraph 7.2(c). *Id*.

Second, disclosure of information to experts is only allowed if the following is communicated in writing to the opposing party: the (1) the full name; (2) residence; (3) copy of resume; (4) identification of the expert's employer; and (5) identification of "each person or entity from whom the expert has received

compensation including connection with litigation at any time in the last 5 years." *Id*. ¶ 7.2(c).

In sum, the provision blatantly eviscerates the attorney work product privilege by ***requiring a unilateral full disclosure of experts*** when the parties should be permitted to only consult with their experts without disclosure. Of course, here, Convergent, the debt collector corporation, is the party with possession of the vast majority of relevant documents (such as call logs to prove damages and documents that prove Convergent's illegal use an autodialer). Convergent has inserted this language in its proposed protective order as a tool to manipulate Ma and into sacrificing important procedural rights so that Convergent can have an advantage over Ma in the litigation.  The Court should see through this abuse of the discovery process and deny Convergent's motion.

## C. <u>Convergent's Request for a "Blanket" Protective Order Should Be Denied Because Convergent Did Not Make a Showing that Disclosure of Specific Documents Will Cause Harm</u>

Although Convergent claimed in the meet and confer process that it was not seeking a "blanket" protective order,[1] Convergent now asks the Court to issue a protective order that would allow Convergent to designate any and every document as confidential[2] and require Ma to then make a separate motion[3] to the Court to de-classify the document that could not even be noticed until the expiration of a 14-day meet and confer period.[4]  The proposed order requires *the challenging party* to "explain the basis for its belief that the confidentiality

---

[1] *Decl. Clark* – Ex. B (March 16, 2017 Fernandez email.)
[2] *Decl. Allison Fernandez* – Ex E at p. 3 ¶ 2.2.
[3] *Decl. Allison Fernandez* – Ex E at p. 8-9 ¶ 6.2.
[4] *Decl. Allison Fernandez* – Ex E at p. 8-9 ¶ 6.2.

designation was not proper"[5] and subjects the challenging party to "sanctions" if it loses a challenge in a request for judicial intervention.[6]

Thus, despite Convergent's protestations that it is not seeking a "blanket" order, it is asking the Court for an order that does not apply only to <u>specific</u> documents but instead applies to virtually <u>any</u> document <u>chosen by Convergent</u>. *Decl. Allison Fernandez* – Ex E at p. 3 ¶ 2.2.   But to meet its burden for a protective order, Convergent, must make <u>specific</u> showings of good cause as to <u>specific</u> documents. *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1130-1131 (9th Cir. 2003) (A party requesting a protective order must provide "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm"). Tellingly, Convergent tries to reverse the burden of particularity on Plaintiff by arguing that she has not "provided any evidence that Convergent will over-designate documents as confidential, or treat the protective order as a "blanket" order." *Convergent's Motion for Protective Order* at p. 6-7.   Convergent is attempting to sidestep any specific showing by vaguely referencing broad privacy concerns without reference to any specific documents.

Convergent's failure to address specific documents ties in to Convergent's failure to produce ***any*** documents in this case to date: Convergent knows it has wrongly been withholding documents from Ma and now must assert that <u>all</u> documents in its possession must be confidential, because there is no excuse for withholding the documents that are <u>not</u> confidential.

///

///

---

[5]  *Decl. Allison Fernandez* – Ex E at p. 8-9 ¶ 6.2.
[6]  *Decl. Allison Fernandez* – Ex E at p. 8-9 ¶ 6.3.

**D. <u>Convergent's Vague References Financial Privacy Do Not Substitute for A Particularized Showing Or Excuse Convergent's Ongoing and Indiscriminate Withholding of Documents Irrespective of Actual Confidentiality Concerns</u>**

Instead of making a particularized showing of why any given document is subject to a protective order, Convergent vaguely references the privacy concerns of "financial third party information". *Convergent's Motion for Protective Order* at p. 6, ln. 10-19. However, Convergent does not reference any specific documents. *Id.* Convergent does not bother to refer to specific documents because it knows it has been withholding many documents without justification. Notably, Convergent has never served a privilege log to assist Ma in evaluating Convergent's claims of privilege, trade secrets, and confidentiality, and instead has been stonewalling Ma with Convergent's insistence on the blanket protective order.

Indeed, Ma was forced to move forward with her May 2, 2017, Motion to Compel not because Convergent is declining to produce a limited category of documents implicating sensitive third party financial information, but instead because Convergent is indiscriminately declining to produce any documents. One of the most important categories of documents are Ma's requests for outbound call logs from Convergent to Ma. *See,* Ex A, p 5-6, *Convergent's Motion for Protective Order* (Plaintiff's RFPD, Set One); *see*, *also Motion to Compel Defendant Convergent Responses to Plaintiff Mei Ma's Request for Production of Documents, Set One (Dck. 30)*, at p. 8-14. This lawsuit is for Ma's allegations that Convergent repeatedly violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). The TCPA prohibits the practice of "robodialing" through the use automatic dialers and provides for statutory and actual damages

for each call that violates the statute. *Id*. § 227(b). Thus, the exact number of calls made by Convergent is a core element of the discovery of this case.

Convergent is a debt collector that makes outbound calls to consumers every day to attempt to collect debts. *Complaint* ¶¶ 2, 52. By their very nature, outbound calls to third parties are not private. Here, Ma is seeking the outbound call logs made by Convergent to Ma's personal cellphone. *Id*. ¶¶ 1, 3, 22-29. Convergent does not offer any credible justification for its refusal to produce the call logs. Convergent is merely withholding critical evidence that will demonstrate the exact number of TCPA violations it committed against Ma.

In an attempt to justify its refusal to produce any documents, Convergent's argument lumps all of Ma's document requests into a single category of sensitive third party information. *Joint Stipulation Filed In Support of Motion to Compel (Docket No. 30)*, at p. 29, ln. 16-17 (citing Document Request Nos. 3-11 (outbound call logs).) However, Convergent knows that Ma made discrete document requests many of which do not possibly contemplate third party information. *Id.* at p. 8-14 (Ma's document requests implicating outbound call logs). The Court should not allow Convergent to now transpose its justification for withholding *some* documents onto documents it has been unjustly withholding. *Id.* at p. 29, ln. 16-17 (citing Document Request Nos. 3-11 (outbound call logs).)

Another category of documents that Convergent fails to address because there is no confidentiality concern are the audio recordings of the calls *to Plaintiff*. Document Request Nos. 27-28 seek all audio recordings of calls and attempted calls to Plaintiff. *See,* Ex A, *Convergent's Motion for Protective Order* (Plaintiff's RFPD, Set One). Convergent has refused to produce the audio recordings, citing "confidential, proprietary and/or trade secret information" and "confidential third party information". *Plaintiff Ma's Motion to Compel (Dck. 30)* at p. 20.

Obviously, recordings of conversations with third parties, such as Ma, do not fall within any of the categories of objections cited by Convergent. Convergent's refusal to produce even the most obviously discoverable items only further demonstrates that its refusal to produce is not based on legitimate confidentiality concerns.

Nonetheless, now knowing that is has withheld relevant documents, Convergent argues that a blanket protective order is necessary because to protect the "social security number", "phone number", "name", "address", the "provenance of the subject debt", the "amount of the debt", "related bankruptcy proceedings" and "credit data". *Convergent's Motion for Protective Order* at p. 6, ln. 15-19. However, Ma repeatedly advised Convergent that it may simply redact sensitive third party information. *Decl. Clark* ¶ 3 - Ex. A - p. 2 ("***As you know, I already agreed to the redaction of such sensitive third party information***.") Still, Convergent persisted in its refusal to disclose any documents.

Ma agrees that third party identifying and financial information has no bearing on this case but emphasizes the issue is absolutely no excuse to refuse to provide other categories of documents. The Court should not allow Convergent to retroactively benefit from a blanket protective order to cure its failures to produce the documents that do not even arguably have confidentiality concerns, such as call logs of calls made *to Plaintiff* and audio recordings *of Plaintiff*. The Court should further deny Convergent's motion because it has failed to make any particularized showing of harm.

**E.** **Convergent Has Not Served a Privilege Log and Has Not Justified Its Vague Request for Confidentiality Protection**

Debt collector Convergent has done nothing to show why it deserves confidentiality protection in this case. Opposite from making any specific

showing, Convergent's arguments consists only of generalities. Convergent argues that Plaintiff seeks identification of the software program used to document conversations with consumers and facilitate calls to consumers; documents "evidencing Convergent's right to use or ownership of certain telephone numbers"; and "contractual agreements with third parties".[7] *Motion for Protective Order* at p. 8. Convergent further states that its trade secrets are implicated because Plaintiff has requested "production of call logs, data, digital records and digital logs". *Id*. But if companies are entitled to confidentiality merely by asserting that disclosure of records will hurt their "competitive edge", then virtually any case involving a corporate defendant would be hidden from the public eye. *Motion for Protective Order* at p. 9, ln. 5-6. The Court should not give Convergent the benefit of the doubt when they have been indiscriminately withholding documents in an obvious attempt to gain a "competitive edge" in this litigation.

   "There simply is no reason to believe that the drafters of Rule 26(c) did not intend to create a presumption against the issuance of protective orders." *Humboldt Baykeeper v. Union Pac. R.R.* (N.D. Cal. 2007) 244 F.R.D. 560, 562. Rule 26 "creates a presumption in favor of freedom of dissemination." *Id*. at 563. "Placed by the law on the scales before the trial court begins any "balancing," this presumption *pre-weights the scales against restricting* a party's lawful use or dissemination of discovered information." *Id*. (original emphasis). "While this weight might not be great in some settings, it is real and it is rooted, in part, in the First Amendment." *Id*. "As such, it cannot be outweighed by merely speculative threats of harm to other interests." *Id.*

---

[7] Convergent makes no showing as to any present dispute about the discoverability of third party contracts and Ma did not raise any such dispute in the underlying meet and confer process

1

## IV.   CONCLUSION

Ma respectfully requests that the Court deny Convergent's motion for a protective order entirely.   At the very minimum, the Court should not allow Convergent the ability to designate any document as confidential without a particularized showing of necessity.   Finally, the Court should not grant Convergent's protective order as drafted because it directly infringes on Ma's attorney work product rights.

Respectfully submitted,

April 17, 2017                    **LAW OFFICES OF SCOTT WARMUTH**

                                   By     */s/Nathaniel Clark*
                                          Nathaniel Clark, Esq.
                                          *ATTORNEYS FOR PLAINTIFF MEI MA*

for Ma's May 2, 2017 motion to compel or the instant motion for a protective order.