MANDATORY
CHAMBERS COPY

NOTE CHANGES MADE BY THE COURT

1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11   MEI MA, an individual,                )  CASE NO.  2:16-cv-4558
                                            )
12                      Plaintiff,          )  Assigned to: Honorable John A.
                                            )  Kronstadt
13        v.                                )
                                            )  Referred to: Magistrate Judge
14   CONVERGENT OUTSOURCING, INC., a        )  Alicia G. Rosenberg
     Washington corporation; and DOES 1-10, )
15                                          )  **DISCOVERY MATTER**
                        Defendant.          )  ~~PROTECTIVE ORDER~~
16                                          )  ~~[PROPOSED] ORDER~~
                                            )  ~~GRANTING DEFENDANT~~
17                                          )  ~~CONVERGENT~~
                                            )  ~~OUTSOURCING, INC.'S~~
18                                          )  ~~MOTION FOR PROTECTIVE~~
                                            )  ~~ORDER~~
19                                          )
                                            )  Date: May 23, 2017
20                                          )  Time: 10:00 a.m.
                                            )  Courtroom:  B, 8th Floor
21                                          )
                                            )  Complaint Filed: June 23, 2016
22   _____)
                                               **NOTE CHANGES MADE BY THE COURT**
23        Following consideration of defendant Convergent Outsourcing, Inc.'s

24   ("Convergent") Motion for a Protective Order, plaintiff Mei Ma's opposition

25   thereto, ~~Convergent's reply,~~ and all other pleadings filed in this matter, the Court

26   ~~GRANTS Convergent's Motion for a Protective Order.  The Court further~~ finds

27   and orders the following:

28

-1-

1    The Court finds that certain documents likely to be disclosed or produced

2 during the course of this litigation set forth confidential third party identifying and

3 financial information, and that good cause exists for entry of a Protective Order to

4 safeguard the confidentiality of that information.  The Court further finds that

5 certain documents likely to be disclosed or produced during the course of this

6 litigation set forth Convergent's confidential, proprietary, trade secret, or otherwise

7 protectable commercial information and that good cause exists for entry of a

8 Protective Order to safeguard the confidentiality of that information.  Accordingly,

9 the Court orders that all parties shall comply with the terms and conditions of the

10 following Protective Order:

11                              **PROTECTIVE ORDER**

12 1.    PURPOSES AND LIMITATIONS

13    The Court finds that disclosure and discovery activity in this action are

14 likely to involve production of confidential, proprietary, or private information for

15 which special protection from public disclosure and from use for any purpose other

16 than prosecuting this litigation may be warranted. This Order does not confer

17 blanket protections on all disclosures or responses to discovery.  Rather, the

18 protection the Order affords from public disclosure and use extends only to the

19 limited information or items that are entitled to confidential treatment under the

20 applicable legal principles. Further, as set forth in Section 12.3, below, this

21 Protective Order does not entitle defendant Convergent Outsourcing, Inc.

22 ("Convergent") or plaintiff Mei Ma (collectively, the "parties") to file confidential

23 information under seal; Civil Local Rule 79-5 sets forth the procedures that must

24 be followed and the standards that will be applied when a party seeks permission

25 from the court to file material under seal.

26 ///

27 ///

28 ///

-2-

2.    DEFINITIONS

2.1    Challenging Party:  a Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that contain proprietary business or personal information of a party (or of a third person whose information the party is under a duty to maintain in confidence). CONFIDENTIAL" Information or Items generally include materials used by the Designating Party in or pertaining to its business, which matter is not generally known and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence. Disclosure or Discovery Material containing Confidential Information may be designated "CONFIDENTIAL."

2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL AND/OR ATTORNEYS' EYES ONLY."

2.5    Disclosure or Discovery Material:  all items or information, such as oral, written, documentary, testimony, tangible, intangible, electronic, or digitized, now or hereafter, that are produced or generated in disclosures or responses to discovery in this matter, including material or information produced by non-parties if they so request.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who: (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time

-3-

of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7   House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party (presently, Law Offices of Scott Warmuth for plaintiff Mei Ma and Gordon & Rees, LLP for defendant Convergent Outsourcing, Inc.).

2.10   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Insurance Carrier Representative:  the Receiving Party's insurance carrier or carrier(s) and their counsel to the extent reasonably related to any actual or potential coverage in connection with this litigation.

///

///

///

-4-

2.14   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL AND/OR ATTORNEYS' EYES ONLY."

2.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.16   <u>"ATTORNEYS' EYES ONLY" Information or Items</u>: information (regardless of how generated, stored, or maintained) or tangible things that a Designating Party believes in good faith to be extremely sensitive CONFIDENTIAL information, disclosure of which to another Party or Non-Party would create substantial risk of material economic harm to the Producing Party that could not be avoided by less restrictive means. The parties agree that the ATTORNEYS' EYES ONLY designation includes the following categories of information, to the extent the criteria of the first sentence of this Section 2.16 are met: (i) confidential business, marketing, or strategic plans, including business, marketing, and technical information regarding future products; and (ii) trade secrets (including as defined in Cal. Civ. Code § 3426.1) and highly confidential and commercially sensitive technical information.

3.   SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure

-5-

1   from a source who obtained the information lawfully and under no obligation of

2   confidentiality to the Designating Party. Any use of Protected Material at trial shall

3   be governed by a separate agreement or order.

4   4.   DURATION

5        Even after final disposition of this litigation, the confidentiality obligations

6   imposed by this Order shall remain in effect until a Designating Party agrees

7   otherwise in writing or a court order otherwise directs. Final disposition shall be

8   deemed to be the later of (1) dismissal of all claims and defenses in this action,

9   with or without prejudice; and (2) final judgment herein after the completion and

10  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

11  including the time limits for filing any motions or applications for extension of

12  time pursuant to applicable law.

13  5.   DESIGNATING PROTECTED MATERIAL

14       5.1   Exercise of Restraint and Care in Designating Material for Protection.

15       Each Party or Non-Party that designates information or items for protection

16  under this Order must take care to limit any such designation to specific material

17  that qualifies under the appropriate standards. The Designating Party must

18  designate for protection only those parts of material, documents, items, or oral or

19  written communications that qualify – so that other portions of the material,

20  documents, items, or communications for which protection is not warranted are not

21  swept unjustifiably within the ambit of this Order.

22       If it comes to a Designating Party's attention that information or items that it

23  designated for protection do not qualify for protection, Designating Party must

24  promptly notify all other Parties that it is withdrawing the mistaken designation.

25       5.2   Manner and Timing of Designations. Except as otherwise provided in

26  this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise

27  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

28

-6-

1  under this Order must be clearly so designated before the material is disclosed or

2  produced.

3      Designation in conformity with this Order requires:

4      (a) for information in documentary form (e.g., paper or electronic

5  documents, but excluding transcripts of depositions or other pretrial or trial

6  proceedings), that the Producing Party affix the legend "CONFIDENTIAL

7  AND/OR ATTORNEYS' EYES ONLY" to each page that contains protected

8  material. If only a portion or portions of the material on a page qualifies for

9  protection, the Producing Party also must clearly identify the protected portion(s)

10 (e.g., by making appropriate markings in the margins).

11     A Party or Non-Party that makes original documents or materials available

12 for inspection need not designate them for protection until after the inspecting

13 Party has indicated which material it would like copied and produced. During the

14 inspection and before the designation, all of the material made available for

15 inspection shall be deemed "CONFIDENTIAL AND/OR ATTORNEYS' EYES

16 ONLY." After the inspecting Party has identified the documents it wants copied

17 and produced, the Producing Party must determine which documents, or portions

18 thereof, qualify for protection under this Order. Then, before producing the

19 specified documents, the Producing Party must affix the "CONFIDENTIAL

20 AND/OR ATTORNEYS' EYES ONLY" legend to each page that contains

21 Protected Material. If only a portion or portions of the material on a page qualifies

22 for protection, the Producing Party also must clearly identify the protected

23 portion(s) (e.g., by making appropriate markings in the margins).

24     (b) for testimony given in deposition, or in other pretrial or trial proceedings,



25 that the Designating Party identify on the record, before the close of the deposition,

26 hearing, or other proceeding, all protected testimony.

27     Deposition testimony may be treated as "CONFIDENTIAL AND/OR

28 ATTORNEYS' EYES ONLY" during the deposition, as the Designating Party

-7-

1    may direct, and the transcript of the designated testimony shall be transcribed on

2    separate pages and so marked by the reporter.  A Designating Party also may so

3    designate portions of the deposition after the transcription is produced and shall

4    have twenty (20) days after receipt of such deposition transcript to advise the

5    Receiving Party, in writing, of the portions of the deposition transcript that are to

6    be designated as "CONFIDENTIAL AND/OR ATTORNEYS' EYES ONLY"

7    after which period the right to make such designations shall be waived.

8        The Designating Party may exclude any person from a deposition, other than

9    those to whom Confidential Information may be disclosed pursuant to this Order.

10   Failure of such person(s) to comply with the request hereunder shall constitute

11   substantial justification for counsel to advise the witness to refrain from answering

12   the question seeking to reveal Confidential Information.

13       (c)  for information produced in some form other than documentary and for

14   any other tangible items, that the Producing Party affix in a prominent place on the

15   exterior of the container or containers in which the information or item is stored

16   the legend "CONFIDENTIAL AND/OR ATTORNEYS' EYES ONLY." If only a

17   portion or portions of the information or item warrant protection, the Producing

18   Party, to the extent practicable, shall identify the protected portion(s).

19       5.3  Inadvertent Failures to Designate.  If timely corrected, an inadvertent

20   failure to designate qualified information or items does not, standing alone, waive

21   the Designating Party's right to secure protection under this Order for such

22   material. Upon timely correction of a designation, the Receiving Party must make

23   reasonable efforts to assure that the material is treated in accordance with the

24   provisions of this Order.

25   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

26       6.1  Timing of Challenges.  Any Party may challenge a designation of

27   confidentiality at any time. ~~Unless a prompt challenge to a Designating Party's~~ *consistent with the pretrial Schedule.*

28   ~~confidentiality designation is necessary to avoid forseeable, substantial~~

-8-

AGR

1  ~~unfairness, unnecessary economic burdens, or a significant disruption or delay of~~

2  ~~the litigation, a Party does not waive its right to challenge a confidentiality~~

3  ~~designation by electing not to mount a challenge promptly after the original~~

4  ~~designation is disclosed.~~

5      6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute

6  resolution process by providing written notice of each designation it is challenging

7  and describing the basis for each challenge. To avoid ambiguity as to whether a

8  challenge has been made, the written notice must recite that the challenge to

9  confidentiality is being made in accordance with this specific paragraph of the

10 Protective Order. The parties shall attempt to resolve each challenge in good faith

11 and must begin the process by conferring directly (in voice to voice dialogue; other

12 forms of communication are not sufficient) within 14 days of the date of service of

13 notice. In conferring, the Challenging Party must explain the basis for its belief that

14 the confidentiality designation was not proper and must give the Designating Party

15 an opportunity to review the designated material, to reconsider the circumstances,

16 and, if no change in designation is offered, to explain the basis for the chosen

17 designation. A Challenging Party may proceed to the next stage of the challenge

18 process only if it has engaged in this meet and confer process first or establishes

19 that the Designating Party is unwilling to participate in the meet and confer process

20 in a timely manner.

21     6.3   <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without

22 court intervention, the ~~Receiving~~ Designating Party may seek a Court Order to retain ~~setting aside the~~

23 confidentiality ~~Designating Party's Designation~~ pursuant to the discovery dispute procedures set

24 forth in Central District of California Civil Local Rules ~~37-1 through 37-4~~ 37.and the magistrate

25 judge's procedures.  The burden of persuasion in any such challenge proceeding shall be on the

26 Designating Party. Frivolous motions or challenges, and those made for an improper purpose

27 (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

28 expose the ~~Challenging~~ Party to sanctions. ~~Unless the Designating Party has~~

-9-

AER

1   ~~waived the confidentiality designation by failing to file a motion to retain~~

2   ~~confidentiality as described above,~~ All parties shall continue to afford the material

3   in question the level of protection to which it is entitled under the Producing

4   Party's designation until the court rules on the ~~challenge.~~ motion.

5   7.    ACCESS TO AND USE OF PROTECTED MATERIAL

6        7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

7   disclosed or produced by another Party or by a Non-Party in connection with this

8   case only for prosecuting, defending, or attempting to settle this litigation. Such

9   Protected Material may be disclosed only to the categories of persons and under

10  the conditions described in this Order. When the litigation has been terminated, a

11  Receiving Party must comply with the provisions of section 13 below (FINAL

12  DISPOSITION).

13       Protected Material must be stored and maintained by a Receiving Party at a

14  location and in a secure manner that ensures that access is limited to the persons

15  authorized under this Order.

16       7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

17  otherwise ordered by the court or permitted in writing by the Designating Party, a

18  Receiving Party may disclose any information or item designated

19  "CONFIDENTIAL" only to:

20       (a)  the Receiving Party's Outside Counsel of Record in this action, as well

21  as employees of said Outside Counsel of Record to whom it is reasonably

22  necessary to disclose the information for this litigation;

23       (b)  the officers, directors, and employees (including House Counsel) of the

24  Receiving Party to whom disclosure is reasonably necessary for this litigation, and

25  who have signed the Acknowledgment and Agreement to Be Bound by Protective

26  Order (Exhibit A);

27       (c)  Experts (as defined in this Order) of the Receiving Party ~~to whom~~

28  ~~disclosure is reasonably necessary for this litigation and,~~ who have signed the

-10-

1   Acknowledgment and Agreement to Be Bound by Protective Order (Exhibit A),

2   provided that the Receiving Party seeking to disclose information to said Experts

3   comply with the following procedures prior to disclosure:

4       (i) Unless otherwise ordered by the court or agreed to in writing by

5       the Designating Party, a Party that seeks to disclose to an Expert any

6       information or item that has been designated CONFIDENTIAL first

7       must make a written request to the Designating Party that: (1) sets

8       forth the full name of the Expert and the city and state of his or her

9       primary residence; (2) attaches a copy of the Expert's current resume;

10      (3) identifies the Expert's current employer(s), (4) identifies each

11      person or entity from whom the Expert has received compensation or

12      funding for work in his or her areas of expertise or to whom the expert

13      has provided professional services, including in connection with a

14      litigation, at any time during the preceding five years; and (5)

15      identifies (by name and number of the case, filing date, and location

16      of court) any litigation in connection with which the Expert has

17      offered expert testimony, including through a declaration, report, or

18      testimony at a deposition or trial, during the preceding five years.

19      (ii) A Party that makes a request and provides the information

20      specified in the preceding respective paragraphs may disclose the

21      subject Protected Material to the identified Expert unless, within

22      seven (7) business days of delivering the request, the Party receives a

23      written objection from the Designating Party. Any such objection

24      must set forth in detail the grounds on which it is based.

25      (iii) A Party that receives a timely written objection must meet and

26      confer with the Designating Party (through direct voice to voice

27      dialogue) to try to resolve the matter by agreement within seven (7)

28      business days of the written objection. If no agreement is reached, the

-11-

1    Party seeking to make the disclosure to the Expert may file a motion

2    in accordance with the Local Rules seeking permission from the court

3    to do so. Any such motion must describe the circumstances with

4    specificity, set forth in detail the reasons why the disclosure to the

5    Expert is reasonably necessary, assess the risk of harm that the

6    disclosure would entail, and suggest any additional means that could

7    be used to reduce that risk. In addition, any such motion must be

8    accompanied by a competent declaration describing the parties'

9    efforts to resolve the matter by agreement (i.e., the extent and the

10   content of the meet and confer discussions) and setting forth the

11   reasons advanced by the Designating Party for its refusal to approve

12   the disclosure. In any such proceeding, the Party opposing disclosure

13   to the Expert shall bear the burden of proving that the risk of harm

14   that the disclosure would entail (under the safeguards proposed)

15   outweighs the Receiving Party's need to disclose the Protected

16   Material to its Expert.

17       (d)  the court and its personnel;

18       (e)  Court reporters and their staff and Professional Vendors (as defined in

19   this Order) to whom disclosure is reasonably necessary for this litigation;

20       (f)  during their depositions, witnesses in the action to whom disclosure is

21   reasonably necessary and who have signed the Acknowledgment and Agreement to

22   Be Bound by Protective Order (Exhibit A), **unless otherwise agreed by the**

23   **Designating Party or ordered by the Court**. Pages of transcribed deposition

24   testimony or exhibits to depositions that reveal Protected Material must be

25   separately bound by the court reporter and may not be disclosed to anyone except

26   as permitted under this Protective Order.

27       (g)  the author or recipient of a document containing the information or a

28   custodian or other person who otherwise possessed or knew the information.

-12-

1   (h) A party's Insurance Carrier Representative (as defined in this Order) to

2   whom disclosure is reasonably necessary for this litigation and who have signed

3   the Acknowledgment and Agreement to Be Bound by Protective Order (Exhibit

4   A).

5      7.3   Disclosure of "ATTORNEYS' EYES ONLY" Information or Items.

6   Unless otherwise ordered by the court or permitted in writing by the Designating

7   Party, a Receiving Party may disclose any information or item designated

8   "ATTORNEYS' EYES ONLY" only to the court and its personnel, and to the

9   categories of persons identified in subparagraphs 2.6, 2.7, 2.9, 2.12, and 2.13,

10  subject to the execution of the Acknowledgment and Agreement to Be Bound by

11  Protective Order (Exhibit A) as required in Section 7.2 for the specified categories

12  of persons, ~~and compliance with the pre-disclosure procedures outlined for Experts~~

13  ~~in subparagraphs 7.2(c)(i)-(iii) above.~~

14     7.4   Copies of the "Acknowledgment and Agreement to be Bound" forms

15  required under subparagraphs 7.2 and 7.3 shall be ~~promptly served on the~~ *maintained by the Receiving*

16  ~~Producing Party and/or Designating Party.~~ *Party unless otherwise agreed by counsel or order of the court.*

17  8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED

18     PRODUCED IN OTHER LITIGATION

19     If a Party is served with a subpoena or a court order issued in other litigation

20  that compels disclosure of any information or items designated in this action as

21  "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" that Party must:

22     (a) promptly notify in writing the Designating Party. Such notification shall

23  include a copy of the subpoena or court order;

24     (b) promptly notify in writing the party who caused the subpoena or order to

25  issue in the other litigation that some or all of the material covered by the subpoena

26  or order is subject to this Protective Order. Such notification shall include a copy

27  of this Protective Order; and

28  ///

1    (c)  cooperate with respect to all reasonable procedures sought to be pursued

2    by the Designating Party whose Protected Material may be affected.

3         If the Designating Party timely seeks a protective order, the Party served

4    with the subpoena or court order shall not produce any information designated in

5    this action as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" before a

6    determination by the court from which the subpoena or order issued, unless the

7    Party has obtained the Designating Party's permission. The Designating Party shall

8    bear the burden and expense of seeking protection in that court of its confidential

9    material – and nothing in these provisions should be construed as authorizing or

10   encouraging a party in this action to disobey a lawful directive from another court

11   or a lawful subpoena issued in another action.

12   9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

13         PRODUCED IN THIS LITIGATION

14        (a)    The terms of this Order are applicable to information produced by a

15   Non-Party in this action and designated as "CONFIDENTIAL" and/or

16   "ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in

17   connection with this litigation is protected by the remedies and relief provided by

18   this Order. Nothing in these provisions should be construed as prohibiting a Non-

19   Party from seeking additional protections.

20        (b)    In the event that a Party is required, by a valid discovery request, to

21   produce a Non-Party's confidential information in its possession, and the Party is

22   subject to an agreement with the Non-Party not to produce the Non-Party's

23   confidential information, then the Party shall:

24             (1)    promptly notify in writing the Requesting Party and the

25   Non-Party that some or all of the information requested is subject to a

26   confidentiality agreement with a Non-Party;

27   ///

28   ///

-14-

1        (2)      promptly provide the Non-Party with a copy of the

2   Protective Order in this litigation, the relevant discovery request(s), and a

3   reasonably specific description of the information requested; and

4        (3)      make the information requested available for inspection

5   by the Non-Party.

6        (c)      If the Non-Party fails to object or seek a protective order from this

7   court within 14 days of receiving the notice and accompanying information, the

8   Receiving Party may produce the Non-Party's confidential information responsive

9   to the discovery request. If the Non-Party timely seeks a protective order, the

10   Receiving Party shall not produce any information in its possession or control that

11   is subject to the confidentiality agreement with the Non-Party before a

12   determination by the court.[1] Absent a court order to the contrary, the Non-Party

13   shall bear the burden and expense of seeking protection in this court of its

14   Protected Material.

15   10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

16        If a Receiving Party learns that, by inadvertence or otherwise, it has

17   disclosed Protected Material to any person or in any circumstance not authorized

18   under this Protective Order, the Receiving Party must immediately (a) notify in

19   writing the Designating Party of the unauthorized disclosures, (b) use its best

20   efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

21   person or persons to whom unauthorized disclosures were made of all the terms of

22   this Order, and (d) request such person or persons to execute the

23   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

24   A.

25   ///

26   ///

27

28
---
[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

[PROPOSED] ORDER GRANTING DEFENDANT CONVERGENT OUTSOURCING. INC.'S MOTION FOR
PROTECTIVE ORDER

CASE NO. 2:16-CV-4558

1  11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

2         PROTECTED MATERIAL

3         When a Producing Party and/or Designating Party gives notice to Receiving

4  Parties that certain inadvertently produced material is subject to a claim of

5  privilege or other protection, the obligations of the Receiving Parties are those set

6  forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended

7  to modify whatever procedure may be established in an e-discovery order that

8  provides for production without prior privilege review. Pursuant to Federal Rule of

9  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of

10 disclosure of a communication or information covered by the attorney-client

11 privilege or work product protection, the parties may incorporate their agreement

12 in the protective order entered by the court.

13        A Receiving Party who is requested to return inadvertently produced

14 material on the grounds of privilege may retain one copy of such material for the

15 sole purpose of challenging the assertion of privilege.

16 12.    MISCELLANEOUS

17        12.1   Right to Further Relief. Nothing in this Order abridges the right of any

18 person to seek its modification by the court in the future. No modification by the

19 parties shall have the force or effect of a Court order unless the Court approves the

20 modification.

21        12.2   Right to Assert Other Objections. The parties do not waive any right

22 to object to disclosing or producing any information or item on any ground not

23 addressed in this Protective Order. Similarly, no Party waives any right to object

24 on any ground to use in evidence of any of the material covered by this Protective

25 Order.

26        12.3   Filing Protected Material. Without a court order secured after

27 appropriate notice to all interested persons, a Party may not file in the public record

28 in this action any Protected Material.  Protected Material may only be filed under

-16-

1   seal pursuant to a court order authorizing the sealing of the specific Protected

2   Material at issue. If a Receiving Party wishes to file under seal material from a

3   Producing Party, it must give the Producing Party and/or Designating Party the

4   opportunity to demonstrate to the Court why the information should be filed under

5   seal.

6          A Party that seeks to file under seal any Protected Material must comply

7   with Civil Local Rule 79-5; that is, if any papers to be filed with the Court contain

8   Protected Material, the proposed filing shall be accompanied by an application to

9   file the papers or the portion thereof containing the Protected Material (if such

10  portion is segregable) under seal. The application shall be directed to the judge to

11  whom the papers are directed. For motions, the parties should also file a redacted

12  version of the motion and supporting papers. Pursuant to Civil Local Rule 79-5, a

13  sealing order will issue only upon a request establishing that the Protected Material

14  at issue is privileged, protectable as a trade secret, or otherwise entitled to

15  protection under the law.

16         If a Receiving Party's request to file Protected Material under seal pursuant

17  to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file

18  the information in the public record pursuant to Civil Local Rule 79-5 unless

19  otherwise instructed by the court.

20  13.    FINAL DISPOSITION

21         Within 60 days after the final disposition of this action, as defined in

22  paragraph 4, each Receiving Party must return all Protected Material to the

23  Producing Party and/or Designating Party, or destroy such material. As used in this

24  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

25  summaries, and any other format reproducing or capturing any of the Protected

26  Material. Whether the Protected Material is returned or destroyed, the Receiving

27  Party must submit a written certification to the Producing Party (and, if not the

28  same person or entity, to the Designating Party) by the 60 day deadline that (1)

-17-

1   identifies (by category, where appropriate) all the Protected Material that was

2   returned or destroyed and (2) affirms that the Receiving Party has not retained any

3   copies, abstracts, compilations, summaries or any other format reproducing or

4   capturing any of the Protected Material.

5        Notwithstanding this provision, Counsel are entitled to retain an archival

6   copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

7   memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

8   work product, and consultant and expert work product, even if such materials

9   contain Protected Material. Any such archival copies that contain or constitute

10  Protected Material remain subject to this Protective Order as set forth in Section 4

11  (DURATION).

12

13

14

15

16

17    IT IS SO ORDERED.

18    DATED: 4/21/2017

19    _Alicia G. Rosenberg_
      UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

-18-

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

1.     I have been asked by _____ or its counsel to review certain information, materials, and/or testimony that has/have been designated as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" within the terms of the Protective Order entered in the action entitled Mei Ma v. Convergent Outsourcing, Inc., in the U.S. District Court, Central District of California, Case No. 2:16-cv-04558-JAK-AGR.

2.     I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of this Order.

3.     I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Executed on _____, 20___, at _____ [CITY AND STATE].

Signature: _____

Printed Name:_____

1121835/32045703v.1

[PROPOSED] ORDER GRANTING DEFENDANT CONVERGENT OUTSOURCING, INC.'S MOTION FOR PROTECTIVE ORDER

CASE NO. 2:16-CV-4558